IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NECHO D. BARNES,

    Plaintiff,                   No. 2:12-cv-2655 KJM EFB P

    vs.

RAY MUNOZ, et al.,

                                  ORDER AND
    Defendants.            FINDINGS AND RECOMMENDATIONS

                                /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

        Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff has not submitted a certified copy of his trust account statement or the institutional equivalent. Accordingly, plaintiff's request for leave to proceed in forma pauperis is denied.

////

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

The court has reviewed plaintiff's complaint pursuant to § 1915A. Because plaintiff did not exhaust available administrative remedies prior to commencing this action, the court finds that this action must be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at \*6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial

1  complaint was filed).

2  California prisoners may appeal "any policy, decision, action, condition, or omission"
3  that the inmate can demonstrate "as having an adverse effect upon his or her welfare."  Cal. Code
4  Regs. tit. 15, § 3084.1(a).  The grievance process, as defined by California regulations, has three
5  levels of review to address an inmate's claims, subject to certain exceptions.  *See Id*., § 3084.7.
6  Administrative remedies generally are exhausted once a plaintiff has received a "Director's
7  Level Decision," or third level review, with respect to his issues or claims.  *Id*., § 3084.1(b).

8  In his complaint, dated October 11, 2012, plaintiff alleges that his constitutional rights
9  were violated in September 2012.  Dckt. No. 1 (Complaint).  Plaintiff checked the boxes on his
10 form complaint indicating that the administrative exhaustion process is available to him, that he
11 has filed a grievance, but that the process has not been completed.  *Id.* § II.  The "exhaustion
12 requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even
13 if the prisoner exhausts his administrative remedies while his case is pending."  *Rhodes*, 621 F.3d
14 at 1004 (citing *McKinney*, 311 F.3d at 1199).  Given plaintiff's concession that he did not
15 properly exhaust available administrative remedies, coupled with the unlikelihood of proper
16 exhaustion given the given the timing of the complaint relative to his allegations, the court finds
17 that plaintiff did not exhaust his administrative remedies prior to filing suit.  Consequently, this
18 action should be dismissed.[1]  *See Wyatt*, 315 F.3d at 1120.

19 Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma
20 pauperis (Dckt. No. 2) is denied.

21 ////
22 ////
23 ////
24 ////

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

1     Further, IT IS HEREBY RECOMMENDED that this action be dismissed without
2 prejudice for failure to exhaust administrative remedies prior to filing suit.

3     These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  November 19, 2012.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE